STATE OF MAINE, by W. W. Rice, warden, appellant, *vs.* F. O. HICHBORN, administrator.

### Waldo.    Decided July 28, 1877.

*Insolvent estates.*

Commissioners of insolvency have no jurisdiction over preferred claims.

Their adjudication that a preferred claim is a non-preferred one does not deprive the creditor of any right to maintain a suit.

An appeal of a creditor from an adjudication of commissioners of insolvency that his claim is a non-preferred one will not be sustained.

ON REPORT.

APPEAL from the decree of the judge of probate, under R. S., c. 63, § 21.

Nathan G. Hichborn died testate. The defendant was appointed his administrator with the will annexed. The plaintiffs' agent, the warden of the state-prison, presented to the defendant for payment a claim against the estate, consisting of an account for sleighs manufactured at the state-prison and a note given to the selling agent for other articles manufactured there and by him indorsed to the warden. The defendant neglected and refused to pay, represented the estate insolvent, and commissioners were

appointed by whom the plaintiffs' claim was allowed and placed on the list of non-preferred claims. On a hearing on the commissioners' report, the judge of probate overruled the motion of the plaintiffs to place this claim with the list of priority or preferred claims against the estate and decreed that it be classed with non-preferred claims, and that distribution be made accordingly. From which decree and order the plaintiffs appealed.

*W. H. Fogler*, with *W. P. Harriman*, for the appellant.

I. Money due the state is a preferred claim. R. S., c. 66, § 1. "Fourth." R. S., c. 64, § 33.

II. The claim named in the report is due to the state. R. S., c. 140, §§ 8, 12, 21, 27.

*J. Williamson*, for the appellee.

I. The appellant should have moved the judge of probate for a recommitment of the report of the commissioners, for the correction of the alleged error, as provided by R. S., c. 65, § 8, and if aggrieved by the denial of such judge, an appeal from his denial would lie. The judge had no authority to amend the report, or to entertain the motion made by the appellant. Or an appeal should have been taken from the decision of the commissioners, and the claim determined in an action for money had and received, according to the provisions of R. S., c. 66, §§ 11, 13. These are the only methods of appeal prescribed.

II. But the commissioners had no jurisdiction over any preferred claim, and it should not have been brought before them.

III. If the claim was a preference, the rights of the appellant might have been adjudicated upon by the commencement of an action against the appellee, without even waiting a year after his appointment as administrator, and regardless of the insolvency of the estate. *Huse* v. *Brown*, exr. 8 Maine, 167, 168. R. S., c. 66, § 17. R. S. 1872, c. 85, § 11.

IV. By R. S., c. 63, § 21, it is provided that "any person" aggrieved, &c., may appeal, &c. In all other cases in the statute, where the right of appeal is allowed, except in criminal proceedings, the words "any party" are used. *Prima fronte*, the word

person means a natural person, and it is only by statute that it is made applicable even to a corporation. I maintain that the state is not "a person."

V. Even if the proceedings were correct, this claim is not of that nature which should make it a preferred one. If a state engages in trade or manufacturing, its contracts should be governed by the same rules of law which are applicable to those of private individuals. Under the United States bankrupt law, U. S. Statutes, § 5101, "All debts due to the state in which the proceedings of bankruptcy are pending, and all taxes and assessments made under the laws thereof" have a priority over other claims. In West Virginia, the state has a prior lien for taxes on all realty. It has been held there, that if the lien is for a debt other than taxes, the state is not entitled to any preference over other creditors of the same class. *In re* Brand, 3 B. R. 324.

APPLETON, C. J. The claim in controversy is for a debt due on state-prison account. By R. S., c. 66, § 1, "public rates and taxes and money due the state" have priority over the general creditors of an insolvent estate. If this is to be regarded as a preferred claim, then the commissioners of insolvency have no jurisdiction over it. *Flitner* v. *Hanley,* 19 Maine, 261. *Bulfinch* v. *Benner,* 64 Maine, 404. Nor does their adjudication deprive the appellant of any right to maintain a suit for the claim, if a preferred one.

If not a preferred claim, the appellants have no ground of complaint.

*Appeal dismissed.*

DICKERSON, VIRGIN, PETERS and LIBBEY, JJ., concurred.